UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

*v.*                                    Case No. 11-CR-69

ROLAND FLATH,

    Defendant.

**DEFENDANT'S MOTION FOR A BILL OF PARTICULARS
AND SUPPORTING MEMORANDUM**

Roland Flath, by counsel, moves this Court for an order requiring the government to file a bill of particulars pursuant to FED. R. CRIM. P. 7(f). The indictment against him charges that he traveled in foreign commerce from the United States to Belize and engaged in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with a person less than 18 years old in violation of 18 U.S.C. § 2423(c) and (e). Section 2423(f) provides two definitions for "illicit sexual conduct." Flath seeks to discern which definition of "illicit sexual conduct" the government means to prove.

    Section 2423(f) provides the definition of "illicit sexual conduct:"

    As used in this section, the term "illicit sexual conduct"
    means (1) a sexual act (as defined in section 2246) with a

1

>person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age.

18 U.S.C. § 2243(f).

A bill of particulars is necessary if the indictment does not sufficiently apprise the defendant of the charges to enable him to prepare for trial. *United States v. Canino,* 949 F.2d 928, 949 (7th Cir. 1991); FED. R. CRIM. P. 7(f). The purpose of a bill of particulars is to allow the defendant to prepare a defense. *See United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987) (bill of particulars "serves to supply the evidentiary details needed to prepare a defense"). Its purpose is also to enable defendant to obtain facts needed to permit claim of double jeopardy should subsequent prosecution raise same offense conduct. *Wong Tai v. United States*, 273 U.S. 77 (1927). Here, the bill of particulars is needed so that Flath can prepare both a factual and legal defense to the charges against him.

<u>Factual Defense.</u> An allegation that Flath engaged in a sexual act with a person under the age of eighteen that would violate chapter 109A (18 U.S.C. §§ 2241-2244) is entirely distinct from an allegation that Flath engaged in a commercial sex act with a person under the age of eighteen. While both would require proof that Flath engaged in a sex act, the former would require proof that the sexual act

would violate chapter 109A, while the later would require proof that something of value was given in exchange for the alleged sex act. In a prosecution that was based upon a (f)(1) sexual act, Flath's defense would be focused upon the nature of the sexual act, i.e., whether it would violate chapter 109A. In a prosecution alleging a (f)(2) sexual act, Flath's defense would be based upon the alleged commercial nature of the sex act. It will be extremely difficult for Flath to prepare a defense without knowing which type of sex act the government seeks to prove, especially because the alleged violation took place in Belize, making investigation into the evidence and witnesses more burdensome than if the evens took place in the Eastern District of Wisconsin or anywhere else within the United States.

<u>Legal Defense.</u> In another motion Flath challenges the constitutionality of 18 U.S.C.§ 2423, arguing that it violates Congress' limited power to regulate foreign commerce. Flath raises bot a facial and an "as applied" challenge. While it does not matter whether the government is pursuing a (f)(1) or a (f)(2) prosecution when it comes to the facial challenge, the "as applied" challenge cannot be decided by this Court until and unless the government makes it known whether it is alleging a (f)(1) or a (f)(2) violation. *See, e.g., United States v. Clark*, 453 F.3d 1100 (9th Cir. 2006)(upholding an "as applied" foreign commerce clause challenge when the government prosecution was brought under the (f)(2) definition of "illicit sexual

3

conduct").

For the foregoing reasons, Roland Flath respectfully requests that this Court issue an order that the government file a bill of particulars pursuant to FED. R. CRIM. P. 7(f).

Dated at Milwaukee, Wisconsin, April 22, 2011.

Respectfully submitted,

**/s/ Brian P. Mullins**
Brian P. Mullins, Bar # 1026891
Brian T. Fahl
Counsel for Roland Flath
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Room 182
Milwaukee, WI 53202
Tel: 414-221-9900
Fax: 414-221-9901
brian_mullins@fd.org