UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

*v.*                                                     Case No. 11-CR-69

ROLAND FLATH,

    Defendant.

**DEFENDANT'S MOTION TO SUPPRESS FRUITS OF SEARCH WARRANTS AND REQUEST FOR AN EVIDENTIARY HEARING**

**I.**

**INTRODUCTION**

Roland Flath, by counsel, asks the Court to suppress all items seized pursuant to two search warrants – a warrant issued by the Corozal Judicial District in Belize for Flath's residence in Copper Bank Village, Belize; and a warrant issued by the United States District Court for the District of Columbia to search "electronic evidence" seized from Flath's residence in Belize. With respect to the warrant issued by the Belizean court, Flath claims that the procedure by which the warrant was obtained did not meet the standards of the Fourth Amendment, and that the procedure should be subject to the Fourth Amendment's requirements because the coordinated investigation between Belizean and American law enforcement officials

1

amounted to a joint venture. As for the warrant issued by the federal district court in the District of Columbia, Flath argues that its fruits are tainted by the improperly issued Belizean warrant. Flath asks for an evidentiary hearing on these issues.

## II.

## BACKGROUND

The facts are as follows. According to the criminal complaint issued by the United States District Court for the Eastern District of Wisconsin on October 7, 2010, the manager of the Copper Bank Inn in Belize contacted the United States Embassy in Belize on June 14, 2010, to report that "two of her workers were cleaning a guest room when they found a thumb drive. The workers reviewed the thumb drive to determine the owner and found a video of a man who they recognized as Roland Flath fondling the naked breasts of a minor girl . . . The workers also saw additional images of what appeared to be child pornography on the thumb drive." (Criminal Complaint at ¶ 11). Because the workers and manager of the inn knew Flath was an American, they contacted the United States Embassy and provided the thumb drive to an embassy official. (Criminal Complaint at ¶ 11).

The complaint states that someone from the United States Embassy then contacted the local Belize police and provided the thumb drive to the police. On June 15, 2010, according to the complaint, Belize police viewed the thumb drive and determined that it contained "obscenity and indecency."

2

Meanwhile, a warrant was issued by a magistrate for the Corozal Judicial District in Belize to search "Various computer set and laptops of different name brand, Various pornographic CD's and photographs . . . concealed in the premises of Roland Flath situated at Copper Bank Village, Corozal District." (Attachment A). The warrant states that it was issued based upon "the oath of PC#772 Roy Ek." There is no evidence regarding the contents of Ek's "oath," whether the information from Ek was written or oral, or when it was provided to the magistrate.

The warrant does not indicate when it was issued. The criminal complaint, however, states that the warrant was executed by Belize police on June 15, 2010. Belizean police officer Lucas Moh described searching Flath's residence as "a joint operation with Corozal Police and the US Embassy officials." The Belize police seized DVD's, a camera, film, a computer, and computer memory sticks/cards. The electronic evidence seized from Flath's residence was turned over to United States Embassy Officer Keith Hamilton. A report from the United States Department of Homeland Security indicates that a special agent with the United States Diplomatic Security Service (DSS) was present when the Belize police reviewed some of the DVDs seized from Flath's residence. Another Homeland Security report states that, after the electronic evidence was seized from Flath's

3

residence and reviewed, "DSS Assistant Regional Security Officer Paul Trachtenberg and two Foreign Service National Investigators traveled to Corozal, Belize to coordinate with the Belize Police Department."

Flath was arrested on June 16, 2010, by Belize Police for "fondling a minor." An official from the United States Embassy in Belize was present when Flath was arrested.

On July 20, 2010, United States Embassy Regional Security Officer Robert Kelty wrote the following letter to Belize Police Department Inspector James Moreria:

> I am writing to thank you and your officers for your continued assistance with the investigation of American citizen, Roland Flath. As Mr. Flath's case progresses through the Belizean judicial system, my office will continue to coordinate its investigation into Mr. Flath's activities in Belize with your office. In reference to this investigation, I appreciate your assistance in facilitating my office's request for copies of the electronic evidence seized by your officers during Mr. Flath's arrest. . .As indicated by my staff, the copies of this electronic evidence will be forwarded by my office to U.S. Immigration and Customs Enforcement and the U.S. Department of Justice. My office is coordinating with ICE and DOJ to determine if the existing evidence and investigating material are sufficient for a potential federal prosecution for Mr. Flath for violations of the PROTECT Act. My office will continue to keep you apprised of any developments and coordinate any follow-up investigation.

(Attachment B).

4

A copy of the electronic evidence seized from Flath's residence was provided to the United States Department of Justice on July 23, 2010, and stored at a Justice Department facility in Washington, D.C. A District of Columbia federal district court issued a warrant to search the electronic evidence on September 14, 2010.

After Flath's June 16 arrest, he posted bail with a Belizean court. United States officials kept tabs on the progress of the Belize case against Flath and on October 1, 2010, Homeland Security Special Agent Matthew Johnson reported that the State Department's Diplomatic Security Service was "aware of Flath's current location and DSS believes they will be able to extradite him if a US arrest warrant is issued for Flath."

On October 7, 2010, a criminal complaint and arrest warrant were issued against Flath by the United States District Court for the Eastern District of Wisconsin for traveling abroad and engaging in illicit sexual contact. On February 20, 2011, Guatemalan police arrested Flath for immigration violations and deported him to the United States. United States marshals escorted Flath from Guatemala to Houston and ultimately Milwaukee to appear for the current charge.

## III.

## LEGAL STANDARDS

Although the general rule is that neither the Fourth Amendment of the United States Constitution nor the exclusionary rule of evidence applies to the acts of foreign officials, an exception exists if United States agents "so substantially participated in the raids so as to convert them into joint ventures between the United States and the foreign officials." *Stonehill v. United States*, 405 F.2d 738, 743 (9th Cir. 1968); *see also United States v. Marzano*, 537 F.2d 257, 269-270 (7th Cir. 1976). Whether the government participated so as to render the search Government action must be determined by examining the facts surrounding the search. *Marzano*, 537 F.2d at 270.

## IV.

## REQUEST FOR EVIDENTIARY HEARING

Flath maintains that the facts to which he refers above raise a prima facie case that American and Belizean officials engaged in a joint venture when they investigated Flaths's alleged crimes. Flath therefore argues that the procedure by which the search warrant was issued by the Belizean court must comport with the Fourth Amendment's requirement that a search warrant be issued by an impartial judicial officer based upon probable cause that Flath's residence contained evidence or fruits of a crime. *See Warden v. Hayden*, 387 U.S. 294, 301-02 (1967). Because the

6

discovery does not provide any information regarding the procedure by which the Belizean search warrant was issued, Flath asks for an evidentiary hearing regarding this issue.

Pursuant to CRIMINAL LOCAL RULE 12.3, defense counsel contacted AUSA Penelope Coblentz regarding the need for an evidentiary hearing, but did not reach her.

Defense counsel estimates that an evidentiary hearing will consume one to two hours of the Court's time.

Pursuant to CRIMINAL LOCAL RULE 12.2, no supporting memorandum of law will be filed at this time. Flath, however, reserves the right to file a memorandum of law following the evidentiary hearing. If the Court determines an evidentiary hearing is not necessary, Flath asks the Court for leave to file a supplemental memorandum in support of his motion to suppress.

Dated at Milwaukee, Wisconsin, April 22, 2011.

    Respectfully submitted,

    **/s/ Brian P. Mullins**
    Brian P. Mullins, Bar # 1026891
    Counsel for Roland Flath

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Room 182
Milwaukee, WI 53202
Tel: 414-221-9900