# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,                                                    Case No. 11-CR-69

    v.

ROLAND J. FLATH,

    Defendant.

## ORDER DESIGNATING CASE AS COMPLEX

On March 22, 2011, a grand jury sitting in the Eastern District of Wisconsin returned an indictment against defendant Ronald J. Flath alleging that the defendant, a citizen of the United States, did travel in foreign commerce, from the United States to Belize, and engaged in and attempted to engage in illicit sexual conduct as defined in 18 U.S.C. § 2423(f), with a person less than 18 years of age in violation of 18 U.S.C. § 2423(c) and (e). On July 29, 2011, the parties filed a joint motion request that the case be designated as unusually complex by virtue of the legal and factual issues presented by this case. (Docket # 30).

In support of the motion, the parties point to the complexity of the pretrial motions raised, including a challenge to the constitutionality of the charge in the Indictment and foreign search issues. The parties also submit that material witnesses are located in Belize, a sovereign foreign nation, not subject to the subpoena power of this Court and which require the use of a Mutual Legal Assistance Treaty ("MLAT") in order to obtain official declarations and/or live testimony.

Although the request was not made at the initial appearance or arraignment as

contemplated by Local Rule 12(a)(1)[1], after reviewing the pretrial motions and considering the affidavit in support of the motion to designate the case as complex, the Court finds that based on the novel questions of fact and law presented by this case, it is appropriate to grant this motion. Additionally, pursuant to 18 U.S.C. 3161(7)(A) and (B)(ii), the Court finds based on the complexity of this case, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits set by the Speedy Trial Act. I find that under 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by taking this action outweigh the best interest of the public and the defendant in a speedy trial.

Dated at Milwaukee, Wisconsin this 19th day of August, 2011.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

---

[1] Although the Speedy Trial Act allows for retroactive ends of justice findings, it does not allow for retroactive continuances. <u>United States v. Estrada</u>, No. 08-CR-231, (E.D. Wis. May 4, 2011) (Docket # 153 at 11, 19-20.) Therefore, this Court cannot retroactively exclude time from the speedy trial deadline prior to the entering of today's order.