# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                               **Case No. 11-CR-69**

**ROLAND J. FLATH,**

    **Defendant.**

## ORDER AND RECOMMENDATION ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS, MOTION TO DISMISS FOR DUPLICITY, AND EXTENSION ON MOTION TO SUPPRESS

On March 22, 2011, a grand jury sitting in the Eastern District of Wisconsin returned an indictment against defendant Ronald J. Flath ("Flath") alleging that the defendant, a citizen of the United States, did travel in foreign commerce, from the United States to Belize, and engaged in and attempted to engage in illicit sexual conduct as defined in 18 U.S.C. § 2423(f), with a person less than 18 years of age in violation of 18 U.S.C. § 2423(c) and (e).

Before the Court are several pretrial motions filed by Flath. Flath filed two motions for which evidentiary hearings were not requested: Motion for Bill of Particulars (Docket # 13) and Motion to Dismiss for Duplicity (Docket # 25). For the reasons stated herein, I deny the Motion for Bill of Particulars and recommend that the Motion to Dismiss for Duplicity be denied.

Flath also filed two motions in which he requests evidentiary hearings: Motion to Dismiss (Docket # 14) and Motion to Suppress (Docket # 15). The Motion to Dismiss has been addressed in a separate order and recommendation. (Docket # 40.)

As to the Motion to Suppress, Flath seeks an evidentiary hearing to establish whether the procedure by which the search warrant was issued by the Belizean court comported with the Fourth Amendment's requirement that a search warrant be issued by an impartial judicial officer based upon probable cause. (Def.'s Mot. to Suppress at 6, Docket # 15.) The government has submitted five declarations in regards to this motion. Flath is not contesting those declarations (Docket # 39) but has requested until September 22, 2011 to supplement the facts on the motion to suppress, specifically regarding the issuance of the Belizean search warrant. I will grant the extension and the motion to suppress will be addressed in a separate recommendation.

## ANALYSIS

### I.  Motion for Bill of Particulars

Flath filed a motion for a bill of particulars "to discern which definition of 'illicit sexual conduct' the government means to prove." (Def.'s Mot. for Bill of Particulars at 1, Docket # 13.) After the government filed its response stating that it intended to pursue both definitions of illicit sexual conduct defined under 18 U.S.C. § 2423(f), Flath conceded that a bill of particulars was not needed. (Def.'s Reply at 12, Docket # 25.) The Motion for Bill of Particulars is therefore denied as moot.

### II.  Motion to Dismiss for Duplicity

In reply to the government's position that it is relying on both definitions of "illicit sexual conduct," Flath moves to dismiss the indictment on duplicity grounds. Specifically, Flath argues that to proceed on both definitions of "illicit sexual conduct" under 18 U.S.C. § 2423(f) constitutes two offenses being charged in a single count. (*Id.*) The government counters that the single count indictment is not duplicitous because the two definitions of illicit sexual conduct are different means

by which the offense in 18 U.S.C.§ 2423(c) can be committed, not different offenses. (Gov't Sur-Reply at 27-29, Docket # 33.)

Duplicity is the joining of two or more offenses in a single count. *United States v. Marshall*, 75 F.3d 1097, 1111 (7th Cir. 1996)(citing *United States v. McKneely*, 69 F.3d 1067, 1072 (10th Cir. 1995)). As Flath correctly notes,

> [T]he overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both. Adverse affects on a defendant may include improper notice of the charges against him, prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure to double jeopardy, and of course the danger that a conviction will result from a less than unanimous verdict as to each separate offense.

*Id.* at 1111. Although a count charging more than one offense is duplicitous, if a count simply charges the commission of a single offense by different means, the count is not duplicitous. *United States v. Berardi*, 675 F.2d 894, 897 (7th Cir. 1982). Additionally, Federal Rule of Criminal Procedure 7(c) provides that "[i]t may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by **one or more specified means**." (emphasis added).

*United States v. Powell*, No. 04 CR 885, 2006 WL 1155947 (N.D. Ill. Apr. 28, 2006), illustrates this principle. The defendant in *Powell* was charged in an 18-count superseding indictment with sex trafficking adult and minor females in violation of 18 U.S.C. §§ 1591, 2422(a), and 2423(a). The defendant moved to dismiss the counts alleging violations of § 1591 as duplicitous. A defendant violates 18 U.S.C. § 1591 by causing a person to engage in a sex act for money when either (1) the person was under 18, or (2) the defendant used "force, fraud or coercion." In counts 1 and 8, the defendant was charged with violating § 1591 both because (1) the victims were underage, and (2) the

- 3 -

defendant allegedly used "force, fraud or coercion." *Id.* at *1. The *Powell* court found Counts 1 and 8 were not duplicitous even though they allege both that the victim was under 18 as well as the use of force, fraud or coercion because the "counts do not allege separate offenses, but rather alternative means of proving a single offense. Alternative means of committing a single offense may be alleged in a single count of an indictment." *Id.*

In this case, the one-count indictment alleges that:

> Between approximately July 2006, and June 2010, the defendant, Roland J. Flath a citizen of the United States, with his last known residence within the State and Eastern District of Wisconsin, did travel in foreign commerce, from the United States to Belize, and engage in and attempt to engage in illicit sexual conduct as defined in Title 18, United States Code, Section 2423(f), with a person less than 18 years of age.

(Docket # 4.) The essential elements of § 2423(c) are (1) being a United States citizen or permanent resident, (2) who travels in foreign commerce, and (3) engages in illicit sexual conduct. *See United States v. Clark*, 435 F.3d 1100, 1105 (9th Cir. 2006). The statute defines "illicit sexual conduct" in two ways. First, the definition includes "a sexual act (as defined in section 2246 [18 U.S.C. § 2246]) with a person under 18 years of age that would be in violation of chapter 109A [18 U.S.C. §§ 2241 et seq.] if the sexual act occurred in the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 2423(f)(1). Chapter 109A, in turn, criminalizes various forms of sexual abuse including, for example, aggravated sexual abuse by force, threat, or other means, 18 U.S.C. § 2241(a)-(b); sexual abuse by threatening or placing that other person in fear, 18 U.S.C. § 2242; and sexual abuse of a minor or ward, 18 U.S.C. § 2243.

Second, the definition covers "any commercial sex act (as defined in section 1591 [18 U.S.C. § 1591]) with a person under 18 years of age." 18 U.S.C. § 2423(f)(2). "Commercial sex act," in turn,

is defined as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(c)(1).

As in *Powell*, the single count indictment in this case is not duplicitous; rather, it alleges alternative means of committing a single offense. A fair reading of the statute is that 18 U.S.C. § 2423(f) is merely definitional and does not create separate offenses. In other words, 18 U.S.C. § 2423(f) defines alternative ways in which the offense in 18 U.S.C.§ 2423(c) may be committed.

It is therefore recommended that the defendant's motion to dismiss based on duplicity grounds be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The defendant's motion for bill of particulars is **denied as moot**.

2. The defendant's request for an extension of time until **September 22, 2011**, to supplement the factual record on the issuance of the Belizean search warrant on the defendant's motion to suppress is **granted**.

**IT IS THEREFORE RECOMMENDED** that the defendant's motion to dismiss for duplicity be **denied.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rule of Criminal Procedure 59(b)(2) (as amended effective December 1, 2009), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the

chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 14th day of September, 2011.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge