# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROLAND J. FLATH,

    Defendant.

Case No. 11-CR-69

## ORDER DENYING DEFENDANT'S
## REQUEST FOR EVIDENTIARY HEARING ON MOTION TO SUPPRESS

On March 22, 2011, a grand jury sitting in the Eastern District of Wisconsin returned an indictment against defendant Roland J. Flath ("Flath") alleging that the defendant, a citizen of the United States, did travel in foreign commerce, from the United States to Belize, and engaged in and attempted to engage in illicit sexual conduct as defined in 18 U.S.C. § 2423(f), with a person less than 18 years of age in violation of 18 U.S.C. § 2423(c) and (e).

Remaining before the Court is Flath's Motion To Suppress.[1] In his Motion to Suppress, Flath sought an evidentiary hearing to establish whether the procedure by which the search warrant was issued by the Belizean court comported with the Fourth Amendment's requirement that a search warrant be issued by an impartial judicial officer based upon probable cause. (Def.'s Mot. to Suppress at 6, Docket # 15.) Alternatively, in his reply brief, Flath challenged the reasonableness of the search. (Def.'s Reply at 15, Docket # 25.)

---

[1] The Court has issued Orders and Recommendations on Flath's Motion for Bill of Particulars, Motion to Dismiss for Duplicity, and Extension on Motion to Suppress (Docket # 41) and Flath's Motion to Dismiss (Docket # 40.)

In opposition to Flath's motion and his request for an evidentiary hearing, the government filed five declarations. After the fifth declaration was filed, Flath conceded that he was not contesting the facts outlined in the declarations already submitted but requested additional information from the government. (Docket # 39.) On October 12, 2011, the government filed a sixth declaration in response to Flath's motion to suppress. I then entered an order requesting that Flath states his position in regards to any remaining material disputed facts in light of the government's filing.

On October 17, 2011, Flath submitted a list of remaining disputed facts which he believes are material to deciding whether the search was reasonable. For the reasons stated below, I will deny the request for an evidentiary hearing.

## ANALYSIS

Flath does not dispute the declarations submitted by the government. He believes, however, that the following facts remain in dispute and are material to whether the search was reasonable under the Fourth Amendment:

1) Whether the flash drive reviewed by Superintendent of Police Michael Guzman – who issued the search warrant – contained a picture of Flath?

2) How Flath was identified as the perpetrator?

3) Whether any evidence was submitted to Superintendent Guzman linking the activity depicted on the flash drive with Flath's residence?

4) The standard used by Superintendent Guzman to determine whether to issue a search warrant; i.e., probable cause, scintilla of evidence, etc.?

5) Whether Superintendent Guzman has discretion to refuse to issue a search warrant?

To determine whether a search is reasonable under the Fourth Amendment, the court must examine the totality of the circumstances, balancing "on the one hand, the degree to which it intrudes upon the individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *Samson v. California*, 547 U.S. 843, 848 (2006)(quoting *United States v. Knights*, 534 U.S. 112, 118-19(2001)). Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

Here, the facts which Flath continues to dispute, as a whole, are relevant to the probable cause determination or the procedure used in obtaining the warrant, rather than the reasonableness of the search. Specifically, questions 1, 2, and 3 are relevant to the probable cause determination. Questions 4 and 5 are relevant to the procedure and standard used in obtaining the warrant. Answers to these questions do not necessarily illuminate the scope of the intrusion or the manner in which the search was conducted. As such, resolution of these facts will not affect the outcome of the issue of the reasonableness of the search.

Additionally, it is well established that evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. *United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998). Evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief. *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986)("[A] trial court need only grant a suppression hearing when a defendant presents facts justifying relief, that is, facts which are definite, specific,

3

detailed and nonconjectural."). In this case, because the remaining disputed facts are not material to the resolution of the reasonableness of the search, the request for an evidentiary hearing is denied.

Finally, although the parties have submitted briefs on this motion, at the status hearing on this motion, the defense requested in light of the additional declarations, an opportunity to summarize the facts and the law in a final supplemental brief on the merits. I will grant the request. However, the Court does not invite new or additional motions.

**IT IS THEREFORE ORDERED** that Flath's request for an evidentiary hearing is **denied**.

**IT IS FURTHER ORDERED** that Flath shall submit his final brief on the merits by **October 28, 2011**. The government shall file any response by **November 4, 2011**.

Dated at Milwaukee, Wisconsin this 19th day of October, 2011.

BY THE COURT

 *s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge