UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 11-CR-069-JPS

ROLAND J. FLATH,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Penelope L. Coblentz, Assistant United States Attorney, for said district, and Mi Yung Park, Trial Attorney, United Staes Department of Justice, Criminal Division, Child Exploitation and Obscenity Section, and the defendant, Roland J. Flath, individually and by attorney Edward J. Hunt, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGE

2. The defendant has been charged in a one-count indictment, which alleges a violation of Title 18, United States Code, Section 2423(c) and (e).

3. The defendant has read and fully understands the charge contained in the indictment. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have

been fully explained to him by his attorney. The government will not prosecute the defendant for any offenses other than the charge to which he pleads guilty based on evidence currently known to the government.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES:**

Between approximately July 2006, and June 2010, the defendant,

**ROLAND J. FLATH**

a citizen of the United States, with his last known residence within the State and Eastern District of Wisconsin, did travel in foreign commerce, from the United States to Belize, and engage in and attempt to engage in illicit sexual conduct as defined in Title 18, United States Code, Section 2423(f), with a person less than 18 years of age.

All in violation of Title 18, United States Code, Section 2423(c) and (e).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

In June of 2010, the manager of a bed and breakfast in Copper Bank Village, in the country of Belize, contacted the State Department Diplomatic Security Service

2

(DDS) Regional Security Office (RSO) and advised that two of her workers had found a USB drive that contained images of child pornography, as well as a video of U.S. Citizen Roland J. Flath fondling the breasts of a local minor girl, who will be identified as "Minor Female A." The DSS agent reviewed the USB drive and confirmed that it contained the contraband described. The DSS thereafter contacted the Belize police and provided the USB drive to them.

On June 16, 2010, United States Citizen Roland J. Flath was arrested by the Belize police for fondling a minor and released pending the charges. Prior to speaking to the Belize police, the DSS agent advised Flath of his *Miranda* rights, which he waived. Flath signed a statement admitting to touching a 15-year old girl at his house inappropriately approximately 6 months ago, and to photographing his touching of her breasts. Flath asserted that there was only one girl. When asked additional questions, Flath invoked his rights and requested an attorney.

The victim, Minor Female A, was also interviewed on June 16, 2010. During the interview, Minor A stated that she was 14 years old and that she first met Flath when she was approximately 9 or 10 years old after she became friends with the defendant's "adopted daughter" Minor Female B. Minor Female A stated that after becoming friends with Minor Female B, she visited the Flaths on a regular basis.

Minor Female A stated that ever since she was 10 years old, she visited Flath's residence approximately 30-35 times and that each time Flath would take pictures or videos of her naked. Minor Female A also stated that during these times that she

3

visited defendant, besides taking photos of her naked, he would also insert his fingers into her vagina. Minor Female A stated that the defendant was particularly interested in taking photos of her when she had her menstruation, and that he had instructed her to come see him during her menstruation cycle. She recalled that the defendant took photos of her naked when she was menstruating.

Defendant denies penetrating Minor A's genitalia with his fingers but, the defendant admits that he intentionally touched, not through the clothing, the genitalia of Minor Female A, a person who had not attained the age of 16 years, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify his sexual desire.

<u>United States Citizenship and Border Crossings</u>

Roland J. Flath was born on XX/XX/1939, in Sheboygan County, Wisconsin in the Eastern District of Wisconsin. Flath is a United States citizen who has taken no steps to renounce his citizenship. All of Flath's international travel at issue was undertaken using a United States passport. Using his U.S. passport, Flath traveled to Belize from the United States on numerous occasions with his final trip from the Eastern District of Wisconsin to Belize occurring on July 9, 2006.

The most immediate crossings for Flath shows that he last entered the United States on May 12, 2006, on Continental Airlines from Belize to Chicago connecting through Houston and that he left Chicago for Belize connecting through Houston on July 9, 2006. Flath also entered the United States through the Chicago airport from

4

Juarez, Mexico on Mexico Airlines on August 24, 2005, and flew back into Juarez, Mexico on November 6, 2005.

Documents for the sale of Flath's home in Fond du Lac, Wisconsin in the Eastern District of Wisconsin reflect that he closed on the sale on June 30, 2006. He was scheduled to return to Belize on July 13, 2006, but he changed his reservation to July 9, 2006.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense in count one carries a maximum term of 30 years of imprisonment. Count one also carries a maximum fine of $250,000. The count carries a mandatory minimum term of five years and a maximum of life of supervised release, and a mandatory special assessment of $100.

## ELEMENTS

7. The parties understand and agree that in order to sustain the charge as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

> First: That the defendant is a United States citizen or alien admitted for permanent residence;
>
> Second: That the defendant traveled in foreign commerce; and,

5

Third: That while the defendant was in the foreign place, he engaged in illicit sexual conduct with another person.

## SENTENCING PROVISIONS

8. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

9. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

10. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

11. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## SENTENCING GUIDELINES CALCULATIONS

12. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## RELEVANT CONDUCT

13. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

## BASE OFFENSE LEVEL

14. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is **24** under Sentencing Guidelines Manual §2G1.3(a)(4).

## SPECIFIC OFFENSE CHARACTERISTICS

15. The defendant understands the government will recommend to the sentencing court that a **two-level** increase is applicable to the offense level under Sentencing Guidelines Manual §2G1.3(b)(4) as the offense involved a commercial sex act.

16. The defendant understands the government will recommend to the sentencing court that a **two-level** increase is applicable to the offense under Sentencing Guidelines Manual § 2G1.3(b)(2) for undue influence of a minor.

## SPECIAL CONDITIONS FOR SUPERVISED RELEASE

16. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to

8

prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## ACCEPTANCE OF RESPONSIBILITY

17. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## SENTENCING RECOMMENDATIONS

18. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

20. The parties agree to make a joint recommendation of 60 months' imprisonment.

9

## COURTS'S DETERMINATIONS AT SENTENCING

21. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

22. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

23. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

10

24. The defendant agrees that, during the period of any supervision imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which will be provided by FLU, and will provide any documentation required by those forms. Upon request, the defendant will provide FLU with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision. The defendant acknowledges and agrees that, while he is on supervision, the Probation Department and FLU can exchange financial information pertaining to the defendant in order to facilitate collection of any fine or restitution ordered by the court as part of the sentence in this case.

## SPECIAL ASSESMENT

25. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## RESTITUTION

26. The parties acknowledge and understand that the government will recommend to the sentencing court that the defendant pay restitution, if requested, in an amount to be determined at sentencing. The parties acknowledge and understand that the defendant will not join in this recommendation. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant

11

Case 2:11-cr-00069-WCG   Filed 04/26/12   Page 11 of 17   Document 76

agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## FORFEITURE

27. Upon conviction of the offense set forth in Count One of the indictment, the defendant agrees to abandon any and all claims he may have to any visual depiction described in section 2251 or 2252 of Title 18 United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the offense or offenses of conviction; and, any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or offenses of conviction and any property traceable to such property. The property the defendant will abandon any claim he may have to includes, but is not limited to, the items seized on or about June 10, 2010, by the Belizean Police Department from the defendant's residence and the Copper Bank Inn, each in Copper Bank Village, Belize.

## DEFENDANT'S WAIVER OF RIGHTS

28. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

> a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury,

Case 2:11-cr-00069-WCG   Filed 04/26/12   Page 12 of 17   Document 76

          the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

      b.      If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

      c.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

      d.      At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

      e.      At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

29.    The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the

presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

31. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

32. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## GENERAL MATTERS

33. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

34. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

35. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

36. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

37. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant hereby knowingly and voluntarily waives

15

any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

38. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 4 25 2012

_____
ROLAND J. FLATH
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 4-25-2012

_____
EDWARD J. HUNT
Attorney for Defendant

For the United States of America:

Date: 4-26-12

_____
JAMES L. SANTELLE
United States Attorney

Date: 4-26-12

_____
PENELOPE L. COBLENTZ
Assistant United States Attorney

Date: 4-26-12

_____
MI YUNG PARK
Trial Attorney
Child Exploitation and Obscenity
Section

17