# United States District Court
## Eastern District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>ROLAND J. FLATH | **(AMENDED)**<br>**JUDGMENT IN A CRIMINAL CASE**<br><br>**Case Number: 11-CR-69-JPS**<br>**Marshal Number:** 71720-279 |

| | |
|---|---|
| Edward J. Hunt<br>Defendant's Attorney | Penelope Coblentz<br>Assistant United States Attorney |

**THE DEFENDANT:**

Pled guilty to Count 1 of the Indictment.

**REASON FOR AMENDMENT:** To correct the "Date Concluded" entry on Sheet 1 to reflect the appropriate date.

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 18 USC §§ 2423 (c) & (e) | Travel in foreign commerce to engage, or attempt to engage, in sexual conduct with a person less than 18 years of age | June 2010 | One |

The defendant is sentenced as provided in sheets 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date Sentence Imposed: September 6, 2012

J. P. Stadtmueller
U.S. District Judge

Date Judgment Signed: September 18, 2012

AO 245B  (Rev.06/05) Sheet 2 - Imprisonment

Defendant: Roland J. Flath
Case Number: 11-CR-69

# IMPRISONMENT

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 60 months as to Count 1 of the Indictment.

The defendant is remanded to the custody of the U.S. Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By      _____
Deputy U. S. Marshal

AO 245B  (Rev.06/05) Sheet 3 - Supervised Release

Defendant: Roland J. Flath
Case Number: 11-CR-69

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 10 years as to Count 1 of the Indictment.

The defendant shall not commit another federal, state, or local crime and shall comply with the following special conditions:

1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

2. The defendant is not to possess any firearms or other dangerous weapons.

3. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess any controlled substance. Such possession will result in revocation of the supervised release term and the defendant will be obliged to serve a further term in prison. The defendant shall refrain from any unlawful use of a controlled substance.

4. The defendant is to participate in a program of testing to include not more than six urinalysis screens per month together with residential and/or outpatient treatment for drug and/or alcohol abuse, as approved by his supervising probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program under the direction of his supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the supervised release term.

5. The defendant shall register with state and local authorities as a convicted sex offender.

6. The defendant shall not have contact with children under the age of 18 unless approved in advance, in writing, by his supervising probation officer, and then only in the physical presence of a responsible adult who has been advised of the defendant's criminal history of inappropriate contact with minors, and shall report within eight hours to the probation office any unauthorized contact with children.

7. The defendant shall participate with the U.S. Probation Office's Computer Monitoring Program during his term of supervision. The monitoring program will start as soon as possible after his supervision begins. The defendant shall sign the rules of the Computer Monitoring Program and comply with the conditions of this program.

AO 245B  (Rev.06/05) Sheet 3 - Supervised Release

Defendant: Roland J. Flath
Case Number: 11-CR-69

8. The defendant shall install filtering software on any computer he possesses or uses which will monitor and/or block access to sexually oriented websites.  The defendant shall allow the probation officer unannounced access to any computer he possesses or uses to verify that the filtering software is functional.  The defendant shall pay for the cost of the filtering software as directed by his supervising probation officer.

9. The defendant shall allow the supervising probation officer to conduct periodic unannounced examinations of his computer equipment, Internet capable devices, similar electronic devices, related computer peripherals, residence and vehicle, which may include retrieval and copying of all data from his device to ensure compliance with this condition, and/or removal of such equipment for the purpose of conducting a more thorough forensic inspection.

10. The defendant shall participate in a program of sex offender mental health assessment and treatment, as approved by his supervising probation officer, until such time as he is released from such program.  This assessment and treatment may include the use of a polygraph to assist in case planning and monitoring.  Any refusal to submit to such assessment or test as scheduled is a violation of the conditions of supervision.  The defendant shall pay the cost of this program under the direction of his supervising probation officer.

11. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to his supervising probation officer and to authorize open communication between his supervising probation officer and the treatment provider.

12. The defendant shall not possess any sexually explicit or nudist visual material involving minors, or persons who appear to be minors, or any text material describing sex with minors, nor shall he knowingly patronize any place where such material is available or use any electronic equipment, including a computer, where such material can be accessed, obtained, or viewed.

AO 245B  (Rev.06/05) Sheet 4 - Supervised Release

Defendant: Roland J. Flath
Case Number: 11-CR-69

# STANDARD CONDITIONS OF SUPERVISION

1.  The defendant shall not leave the judicial district without the permission of the court or his supervising probation officer.

2.  The defendant shall report to his supervising probation officer in a manner and frequency directed by the court or probation officer.

3.  The defendant shall answer truthfully all inquiries by his supervising probation officer and follow the instructions of his supervising probation officer.

4.  The defendant shall support his dependents and meet other family responsibilities.

5.  The defendant shall work regularly at a lawful occupation unless excused by his supervising probation officer for schooling, training, or other acceptable reasons.

6.  The defendant shall notify his supervising probation officer ten days prior to any change in residence or employment.

7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by his supervising probation officer.

10. The defendant shall permit a probation officer to visit him  at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of his supervising probation officer.

11. The defendant shall notify his supervising probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13.  As directed by his supervising probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit his supervising probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev.06/05) Sheet 5 - Criminal Monetary Penalties

Defendant: Roland J. Flath
Case Number: 11-CR-69

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

| | **Special Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | None | None |

## FINE

Based upon the defendant's limited financial resources, the court determines that the defendant does not have the financial ability to pay a fine within the guideline range.  The court determines that the defendant does not have the financial ability to pay the interest on the fine, costs of incarceration, community confinement and supervision and therefore waives the interest on the fine, costs of incarceration, costs of community confinement and supervision in this case.

A waiver of the cost of community confinement does not preclude the Bureau of Prisons from imposing a subsistence fee of up to 25 percent of gross income, based on ability to pay, for any portion of the sentence spent in a community correctional facility.

## RESTITUTION

The defendant shall pay restitution in the amount listed below.  Restitution payments shall be made to the Clerk of Court–362 U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, WI, 53202–who shall disburse restitution payments to the following payee(s):

| PAYEE | AMOUNT |
|---|---|
| None | None |

AO 245B  (Rev.06/05) Sheet 6 - Schedule of Payments

Defendant: Roland J. Flath
Case Number: 11-CR-69

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, and (2) restitution.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.  All Criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, his supervising probation officer, or the United States Attorney.